UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES BERNARD TOLSON,

      Petitioner,

v.                                  CASE NO.  8:13-CV-3092-T-27MAP
                                    CRIM. CASE NO. 8:10-CR-307-T-27MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

Before the Court are Petitioner's amended motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 7), the Government's Motion to Dismiss Defendant's Section 2255 Motion as Untimely (CV Dkt. 9), and Petitioner's response in opposition (CV Dkt. 10). Upon consideration, the Government's Motion to Dismiss is GRANTED, and Petitioner's amended Section 2255 motion is DISMISSED as time-barred.

## PROCEDURAL BACKGROUND

In July 2010, Petitioner was charged by Indictment with three counts of robbery in violation of 18 U.S.C. § 1951, and three counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (CR Dkt. 1). On February 3, 2011, a jury found Petitioner guilty as charged (CR Dkt. 66). On June 13, 2011, Petitioner was sentenced to one hundred twenty-five (125) months imprisonment for each robbery count, and life imprisonment for each brandishing a firearm count (CR Dkt. 87).

Petitioner appealed. On August 28, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed (CR Dkt. 120); *United States v. Tolson*, 488 Fed. Appx. 399 (11th Cir.

2012).

On December 9, 2013, this Court received Petitioner's original Section 2255 motion (CV Dkt. 1). However, the original Section 2255 motion was dated "11-26-13" (CV Dkt. 1 at p. 7), and included the following statement: "This motion is being deposited in the prison mailbox with first class postage affixed on November 26, 2013" (Id.). The original Section 2255 motion asserted two claims for relief: 1) counsel was ineffective in failing to move to suppress the pretrial identifications of Petitioner on the ground that the procedures were unfairly suggestive; and 2) counsel was ineffective in failing to obtain evidence to impeach the Government's "star witness." (CV Dkt. 1 at p. 5). The Court directed Petitioner to file an amended Section 2255 motion (CV Dkt. 3),[1] which Petitioner filed on April 4, 2014 (CV Dkt. 7).

The amended Section 2255 motion abandoned the two claims asserted in the original Section 2255 motion, and asserted three new claims for relief: 1) counsel was ineffective in failing to object to judicial fact finding that resulted in an enhanced sentence; 2) counsel was ineffective in failing to object to the imposition of a life sentence on Counts 2, 4, and 6 of the Indictment where a) the Indictment did not charge Petitioner with violating 18 U.S.C. § 924(c)(1)(A)(ii), brandishing a firearm, and b) the firearm was not a machinegun, destructive device, or equipped with a silencer or muffler; and 3) counsel was ineffective in failing to raise these sentencing issues on appeal (Id.). The Government filed its Motion to Dismiss, arguing that the amended Section 2255 motion is time-barred (CV Dkt. 9), and Petitioner filed his response in opposition, arguing that the amended Section

---

[1]The Court cautioned Petitioner that "all arguments he desires to present in support of the claims in his § 2255 motion must be presented in the amended motion as the amended motion will supersede the original motion" and "although the amended § 2255 motion will relate back to the earlier filed motion for purposes of timeliness, any new claims petitioner may attempt to assert in the amended motion may not relate back to his original § 2255 motion and may now be time-barred." (CV Dkt. 3 at pp. 2-3).

2255 motion is timely because he signed the original Section 2255 motion on November 26, 2013, and placed it in the prison mailbox on the same day, and the claims asserted in the amended Section 2255 motion relate back to the claims asserted in the original Section 2255 motion (CV Dkt. 10).

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996. The AEDPA added a new statutory limitations period to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000). Section 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). *See also Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (holding that a judgment becomes "final" when the time for filing a petition for writ of certiorari expires).

3

After the Eleventh Circuit affirmed Petitioner's conviction on August 28, 2012, Petitioner did not seek certiorari review in the United States Supreme Court. Therefore, his judgment of conviction became final on November 26, 2012, when the ninety-day period for seeking certiorari review expired. *Clay v. United States*, 537 U.S. at 532; *Kaufmann v. United States*, 282 F.3d at 1339. Petitioner therefore had one year from that date, until November 26, 2013, to timely file a Section 2255 motion. The original Section 2255 motion was not received by this Court until December 9, 2013, thirteen days after the expiration of the one-year limitation period. Consequently, the amended Section 2255 motion is time-barred unless 1) it relates back to the original Section 2255 motion, and the original Section 2255 motion is considered filed on November 26, 2013, the date on which it was signed and (according to Petitioner) placed in the prison mailbox for mailing to the Court, or 2) equitable tolling applies.

## I. Prison "mailbox" rule

The Court will first examine whether Petitioner is entitled to the benefit of the prison "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that where a prisoner has "done all that could reasonably be expected to get the [document] to its destination" within the required time it should be considered 'filed' when handed to a prison official for mailing. *Houston*, 487 U.S. at 270 (citation omitted). The "mailbox rule" applies to Section 2255 motions. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

The "mailbox rule" is codified in Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Court, which states:

> A paper filed by an inmate confined in an institution is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, *the inmate must use that system to receive the*

4

> *benefit of this rule*. Timely filing may be shown by a declaration in compliance with
> 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date
> of deposit and state that first-class postage has been prepaid.

(emphasis added). If a prisoner follows these procedures, the burden shifts to "prison authorities to prove the date a prisoner delivered his documents to be mailed." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (citing *Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993)).

The Court concludes that Petitioner is not entitled to the benefit of the mailbox rule with respect to his original Section 2255 motion because he did not comply with the requirements of Rule 3(d). In his response to the Government's motion to dismiss, Petitioner concedes that he did not use the prison's legal mail system to mail his original Section 2255 motion.[2] Rather, he admits that he used the prison's general correspondence mailing system.[3] Accordingly, because Petitioner is not entitled to the benefit of the mailbox rule, the Court concludes that the original Section 2255 motion was not timely filed. And because the original Section 2255 motion was not timely filed, the amended Section 2255 motion is likewise untimely.

## II. Relation back of claims

Additionally, even if the original Section 2255 motion was timely filed, the amended Section 2255 motion would remain untimely. The amended Section 2255 motion, signed on March 24, 2014 (see CV Dkt. 7 at docket p. 13), clearly falls outside the limitation period. The amended Section 2255 motion does not assert the same two claims raised in the original Section 2255 motion, but rather asserts three new claims. The new claims are therefore untimely and barred from federal

---

[2] See CV Dkt. 10 at p. 3 ("Petitioner's failure to utilize the prison legal mail system when depositing his motion into the prison mailbox does not render the mailbox rule inapplicable here. . . .").

[3] See CV Dkt. 10 at p. 3 ("The petitioner did indeed sign and place his section 2255 motion into the prison mailbox on November 26, 2013. . . .").

review unless they relate back to a timely-filed claim in Petitioner's original Section 2255 motion. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("'Relation back' causes an otherwise untimely claim to be considered by treating it as if it had been filed when the timely claims were filed."). To relate back to a timely Section 2255 motion, a subsequently presented claim must arise from the same conduct and occurrences that formed the basis of the timely asserted claims. See Fed. R. Civ. Proc. 15(c)(1)(B). "[T]he untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d at 1344 (citations omitted). Rather, to relate back, "the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Id.* (citations and internal quotation marks omitted).

The two claims set out in the original Section 2255 motion relate to counsel's performance during pre-trial and trial (CV Dkt. 1). The original Section 2255 motion makes no mention of counsel's performance during sentencing and on appeal (Id.). Therefore, the new claims asserted in the amended Section 2255 motion relating to counsel's performance during sentencing and on appeal are not "tied to a common core of operative facts" with the pre-trial and trial ineffective assistance claims. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005) (relation back depends on the existence of a common "core of operative facts" uniting the original and newly asserted claims) (citations omitted). Accordingly, the new claims in the amended Section 2255 motion do not relate back to the original Section 2255 motion. Consequently, unless equitable tolling applies, the amended Section 2255 motion is time-barred.

The limitations period under § 2255(f) is subject to equitable tolling. *See Sandvik v. United*

*States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). Petitioner, however, has not alleged or shown any extraordinary circumstances to warrant equitable tolling. Consequently, the amended Section 2255 motion is time-barred.

Accordingly, it is **ORDERED** that:

1. The Government's Motion to Dismiss (CV Dkt. 9) is **GRANTED**. The amended motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 7) is **DISMISSED** as time-barred.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Id. "A [COA] may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing because he cannot demonstrate that reasonable jurists would debate whether the Court's ruling that the amended Section 2255 motion is time-barred was correct, or whether the amended Section 2255

7

motion stated a substantial denial of a constitutional right.  And because Petitioner is not entitled to

a COA, he is not entitled to appeal *in forma pauperis*.

      **DONE AND ORDERED** at Tampa, Florida, on ___June  30th_____, 2015.

                            **JAMES D. WHITTEMORE**
                            **United States District Judge**

SA:sfc
<u>Copy furnished to</u>:
Petitioner *pro se*
Counsel of Record

8